APRIL 9, 1803.

# John Lillard's Adm'r *v.* Isaac Taylor's Heirs.

*Upon an appeal from a decree of the Danville District Court.*

How an entry to include an improvement, and lie on both sides of a stream, should be surveyed.

It is proper first to investigate the claim of Taylor's heirs, not only because they were complainants in the court below, but because they claim under a pre-emption right for an improvement made on the land, and Lillard under a pre-emption appendant to a settlement right, for land to which no other person had a previous legal claim at the time it was allowed by the commissioners. The certificate obtained from the commissioners by the ancestor of these heirs, is as followeth: "October 29, 1779. Isaac Taylor, by Silas Harlin, this day claimed a right of pre-emption to a tract of land lying on both sides of Salt river, joining on the north side of the said Harlin's land, by building a cabin on the same land in the year 1774. Satisfactory proof being made to the court, they are of opinion, that the said Isaac Taylor is entitled to the pre-emption of 1,000 acres of land to include the said improvement," &c. On the preceding day, Harlin obtained for himself a certificate in these words: "Silas Harlin this day claimed a right to a settlement and pre-emption to a tract of land lying on both sides of Salt river, about three miles from the boiling spring, nearly a west course, by improving the same in the year 1774, and raising a crop of corn in the year 1775, and residing in the country ever since. Satisfactory proof being made to the court, they are of opinion that the said Harlin has a right to a settlement of 400 acres of land including the said improvement, and the pre-emption of 1,000 acres adjoining," &c. As it has been admitted by Lillard that Taylor's and Harlin's improvements are represented in their proper places in the surveyor's report, and it not appearing that Harlin had any other land in the vicinity when these certificates were obtained, it ought to be presumed that this claim of Harlin's, was the land which is called for in Taylor's location; and consequently, Harlin's location ought to be taken as part of Taylor's

location. But the call in Taylor's location, *to adjoin Harlin's land*, can not be understood to comprehend his pre-emption, because Harlin was the locator with the commissioners, of Taylor's pre-emption ; which prohibited him from defeating that location, by a subsequent location for his own benefit : even had Taylor himself been the locator, when the distance between his improvement and Harlin's is considered, it can not be presumable that he contemplated a pre-emption, which might afterward have been so located as to include his own improvement. It must be confessed that these certificates, like most others which were issued by the commissioners, are not very formal. Strictly taken, *to include his improvement*, is the only special call they severally contain. But when their whole import is regarded, it is evident that the location given in by the respective claimants, was that his land should include his improvement and lie on both sides of Salt river. Therefore, this court conceives, that each of these improvements ought to be so included that the land in its whole extent, shall lie on both sides of that river : which must imply that the general course of the river within the bounds of the survey, shall determine the courses of the lines of the survey. And this call, *lying on both sides of Salt river*, must also further imply, that the general course of the river. within the bounds of the survey, shall have an equal effect with the call, *to include his improvement*, in determining how far the survey shall extend on either side of the river. And then conformably to several former decisions of this court, the survey should be a square, or as nearly so as the calls of the location will permit. From these considerations, Harlin's settlement should have been surveyed in a square, having its eastwardly and westwardly boundaries at equal distances from the half-way point between his improvement and a direct line passing between where the river enters the survey, and where it goes out of the survey, and having the northern and southern boundaries at equal distances from his improvement, and at right angles to the before-mentioned direct line. And then Taylor's pre-emption should have been surveyed adjoining Harlin's settlement on the north, and as near a square as possible, having its eastwardly and westwardly boundaries at equal distances from the half-way point between his improvement and a direct line passing between where the river enters the survey and where it goes out of the survey, and having the most northwardly boundary at right angles to the last-mentioned direct line. The entry with the surveyor made by Taylor on his pre-emption warrant, April 7,

1783, seems to be in substance the same as his location with the commissioners; only it calls to adjoin Silas Harlin's settlement and pre-emption, near three years after they had been surveyed, and about the same length of time after the survey was made on which Lillard founds his claim. Therefore, for reasons too obvious to need recital, so far as this entry, or the survey made thereon, departed from the location with the commissioners, Lillard's survey is paramount to them. But Taylor's survey, so far as it has pur-sued his location with the commisioners, is paramount to Lillard's survey: and for so much and no more, Taylor's heirs have the superior right to the land in controversy. But this decision is considerably more in favor of Lillard than the decree of the district court.

Wherefore, it is decreed and ordered, that all those parts of the said decree which relate to Lillard be reversed, and that the appellees do pay unto Lillard's representatives their costs expended in the prosecution of this appeal. And it is further decreed and ordered, that the suit be remanded to the circuit court for the county of Lincoln, that it may cause to be ascertained the metes, bounds, and quantity of the interference by this court adjudged to the heirs of the said Taylor, and enter up a decree in their favor accordingly; and also make such further decrees and orders in this suit as law and equity may require, which is ordered to be certified to the said court.